**J. PAUL MOORHEAD, State Bar #240029**
　Email: moorhead@luch.com
**LAQUER, URBAN, CLIFFORD & HODGE LLP**
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern
California Pipe Trades Health and Welfare Trust Fund, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE PLUMBERS CONNECTIONS INC., a California corporation; and GARY GARCIA, JR. an individual.<br><br>　　　　Defendants. | Case No.  5:18-cv-02176<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND VIOLATION OF ERISA;**<br><br>2. **BREACH OF ERISA FIDUCIARY DUTIES;**<br><br>3. **ENGAGING IN PROHIBITED TRANSACTOINS;**<br><br>4. **BREACH OF CONTRACT; and**<br><br>5. **CONVERSION.** |

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

4. To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Southern California Pipe Trades Retirement Trust Fund, Southern California Pipe Trades Defined Contribution Trust Fund, Southern California Pipe Trades Vacation and Holiday Trust Fund, Southern California Pipe Trades Christmas Bonus Fund, Apprentice and Journeyman Training Trust Fund (collectively the "Local Trusts"), and the Plumbers and Pipefitters National Pension Fund (the "National Trust") and the International Training Fund (the "International Trust"). (The Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts"). The Trusts are express trusts created pursuant to written agreements and declarations of trust (the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council No. 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council No. 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees are "*fiduciar[ies]*" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. At all times material herein, defendant The Plumbers Connection Inc. ("Plumbers Connection"), has been a corporation organized under the laws of the state of California, with its principal place of business located in San Bernardino County, California.

8. Plumbers Connection is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

9. The Trustees are informed and believe, and thereon allege, that defendant Gary Garcia is an officer, director, controlling shareholder and/or beneficial owner of Plumbers Connection, and that Gary Garcia resides in San Bernardino, California.

## POSSIBLE ADDITIONAL DEFENDANTS

10. The Trustees are informed and believe, and thereon allege, that to avoid paying contributions, benefits and/or withholdings in violation of the Trust Agreements, Master Agreement (as defined below), and section 515 of ERISA [29 U.S.C. § 1145], Plumbers Connection, Gary Garcia and one or more other individuals or entities, diverted or redirected employees and/or business affairs, assets or operations between one or more individuals and/or entities. The Trustees are informed and believe, and thereon allege, that the other individuals and/or entities are presently unknown to the Trustees. If the Trustees ascertain that any of the defendants or others have engaged in such activities, the Trustees will seek leave to amend this Complaint to include such individuals and entities as defendants.

11. If the Trustees subsequently ascertain that one or more other individuals, or entities, is responsible, in whole or in part, for the day-to-day operations of Plumbers Connection and/or is responsible, in whole or in part, for all, or a majority of, the decisions pertaining to the payment of fringe benefit contributions, or union dues, to the Trusts, including decisions: (a) whether or not to pay such contributions or dues, (b) if payment is to be made, when to pay such contributions or dues, and/or (c) how to use such funds pending payment to the Trusts; the Trustees will seek to amend this Complaint to include such additional parties as defendants.

///

///

# FIRST CAUSE OF ACTION
# BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA
# (AGAINST PLUMBERS CONNECTION)

12. Trustees hereby incorporate herein by this reference paragraphs 1 through 11 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13. On or about February 23, 2017, Plumbers Connection executed and delivered a written agreement to District Council No. 16, whereby Plumbers Connection agreed to be bound by the terms and conditions of the written and existing master agreement, known as the Master Agreement for the Plumbing and Piping Industry of Southern California (the "Master Agreement") in effect between the District Council No. 16 and the Southern California Contractors.  The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement.  On or about February 23, 2017, Plumbers Connection executed and delivered a written agreement to District Council No. 16, whereby Plumbers Connection agreed to be bound by the terms and conditions of the written and existing Plumbing Service and Repair Market Recovery Addendum Agreement (the "Addendum").  At all times material herein, Plumbers Connection has been bound to the Master Agreement, the Trust Agreements and the Addendum.

14. By the terms and provisions of the Master Agreement, Trust Agreements, and Addendum, and at all times material herein, Plumbers Connection agreed, and was obligated to the following:

   A. Prepare and submit true, complete and accurate written monthly contribution reports ("Report(s)") to the Trusts on a timely basis showing: i) the identities of employees performing work covered by the Master Agreement and Addendum, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the

hours worked by employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees. Such monthly contribution reports are due on the 10th day of each successive month;

B. Pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trusts by the 15th of the month succeeding the month in which the work was performed. These amounts are due and payable at the Trusts' administrative offices in Los Angeles, California; and

C. Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement, Trust Agreements, and Addendum.

15. Plumbers Connection is an "*employer*" and a "*contractor*" as those terms are understood in the Master Agreement and Trust Agreements.

16. Plumbers Connection is an "*employer*" and "*company*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

17. Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*" Pursuant to section 515 of ERISA [29 U.S.C. § 1145], Plumbers Connection is obligated to make contributions to the Trusts.

18. Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.*" Pursuant to section 429 of ERISA [29 U.S.C. § 1059], Plumbers Connection was obligated to maintain records sufficient to allow the Trustees to determine the contributions owed to the Trusts, and the benefits due to the employees of Plumbers Connection.

19. Plumbers Connection submitted monthly Reports to the Trustees for the month of June 2018, but failed to pay the reported fringe benefit contributions to the Trusts. Based on monthly Reports for June 2018, Plumbers Connection owes the Trusts $73,992.60 for fringe benefit contributions.

20. Based on monthly Reports for April 2017, September 2017, and December 2017 through May 2018, Plumbers Connection owes the Southern California Pipe Trades Defined Contribution Trust Fund $1,848.25 for contributions.

21. For the months of April 2018, May 2018, and July 2018, Plumbers Connection submitted monthly Reports to the Trustees, but paid the Trusts the reported contributions in an untimely manner.

22. By engaging in the conduct alleged in paragraphs 19 through 21 above, Plumbers Connection breached the Master Agreement, Trust Agreements, and Addendum, and violated section 515 of ERISA [29 U.S.C. § 1145]

23. Trustees are informed and believe, and thereon allege, that Plumbers Connection owes, but has failed to pay certain additional amounts of fringe benefit contributions and other damages for breach of the Master Agreement, Trust Agreements, and Addendum, and violation of section 515 of ERISA [29 U.S.C. § 1145], in amounts not presently known to the Trustees, but these additional amounts will be established by proof.

24. Plumbers Connection is "*delinquent,*" as that term is used in the Master Agreement and/or Trust Agreements.

25. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; (iv) reasonable attorneys' fees and costs; and (v) such other legal or ///

equitable relief as this Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the plan.

26. Pursuant to the Master Agreement, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Plumbers Connection is obligated to pay to the Trustees liquidated damages for the detriment caused by Plumbers Connection's failure to pay fringe benefit contributions in a timely manner. Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Trustees pursuant to the authority granted to them by the Master Agreement and Trust Agreements, those liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late contributions. Plumbers Connection owes the Trusts liquidated damages of at least $19,257.22. The exact amount of liquidated damages owed by Plumbers Connection will be established by proof.

27. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy and/or section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Plumbers Connection owes the Trustees interest at 18% per annum on all unpaid or late paid fringe benefit contributions from the dates the sums were originally due or should have been paid to the Trustees until paid. The amount of interest owed by Plumbers Connection will be established by proof.

28. By the Master Agreement, Trust Agreements, Joint Collection Policy and/or section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Plumbers Connection agreed that in the event of any delinquency, it would pay all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced. The Trustees have incurred legal costs as a result of Plumbers Connection's failure to pay contributions to the Trusts. The exact amount of the legal costs due and payable has not been ascertained at this time. These amounts shall be established by proof.

29. By the Master Agreement and Trust Agreements, Plumbers Connection agreed in the event it failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of those agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trustees. Trustees are informed and believe, and thereon allege, that the Trustees are entitled to such good faith deposit and delivery of monies or bond from Plumbers Connection. The amount of the good faith deposit or bond will be established by proof at trial.

30. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Trustees' judgment, the Trustees shall also request the Court to:

A. Order Plumbers Connection, and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. Order Plumbers Connection, and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

D. Order Plumbers Connection, and its representatives, agents and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

///
///
///

## SECOND CAUSE OF ACTION
## BREACH OF ERISA FIDUCIARY DUTIES
## (AGAINST GARY GARCIA)

31. The Trustees hereby refer to, and incorporate herein by this reference, paragraphs 1 through 30 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

32. A portion of the fringe benefit contributions required to be paid by Plumbers Connection to the Trusts are monies funded exclusively by contributions from participating employers, without deduction from the covered employees' paychecks. The remaining portion of the fringe benefit contributions required to be paid by Plumbers Connection to the Trusts are monies funded exclusively by deductions from covered employees' compensation. Plumbers Connection has granted one or more of its representatives, employees or others access to all contributions.

33. The Trustees are informed and believe, and thereon allege, that Gary Garcia is an officer, director, controlling shareholder and beneficial owner of Plumbers Connection and, as such, accrues a direct beneficial and pecuniary interest in the activities and, ultimately, the success of Plumbers Connection. The Trustees are informed and believe, and thereon allege, that Gary Garcia is responsible for the day-to-day operations of Plumbers Connection and is responsible for all, or a majority of, the decisions pertaining to the payment of contributions to the Trusts, including decisions: (a) whether to deduct certain amounts from employees' paychecks; (b) whether or not to pay contributions to the Trusts; (c) if payment is to be made, when to pay such contributions; and (d) how to use such contribution funds pending payment to the Trusts.

34. Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)] provides that "*a person [or entity] is a fiduciary with respect to a plan to the extent (i) he . . . exercises any discretionary authority or control respecting ... disposition of its assets ... .*" Employee contributions, as opposed to employer contributions, payable by Plumbers

Connection to the Trusts are fund assets under ERISA. The Trustees are informed and believe, and thereon allege, that Gary Garcia exercised discretionary authority or control respecting fund assets. The Trustees are informed and believe, and thereon allege, that Gary Garcia was, and is, an unnamed "*fiduciary*" pursuant to section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby is individually, and separately from Plumbers Connection, obligated to the provisions and obligations provided for under ERISA.

35. Section 404(a)(1)(A) of ERISA [29 U.S.C. § 1104(a)(1)(A)] provides that "*a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--¶ (A) for exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and ... (D) in accordance with the documents and instruments governing the plan ... .*" Section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)] provides that "*the assets of a plan shall never inure to the benefit of any Employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries... .*" The specific duties of a fiduciary are that he/she: (a) shall ensure that "*assets of the plan never inure to the benefit of the employer and shall be held for the exclusive purposes of providing benefits to participants in the plan,*" section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)]; (b) "*shall discharge his duties with respect to a plan solely in the interests of the participants,*" section 404(a)(1) of ERISA [29 U.S.C. § 1104(a)(1)]; and (c) shall not use plan assets in any transaction with "*a party in interest,*" section 406(a)(1) of ERISA [29 U.S.C. § 1106(a)(1)], nor "*in his own interest or for his own account,*" section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)]. ERISA prohibits a fiduciary from making any "*transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan,*" section 406(b)(1)(D) of ERISA [29 U.S.C. § 1106(b)(1)(D)]. Gary Garcia is a "*party in interest,*" as is any fund fiduciary. Under ERISA, if a fiduciary uses plan assets to satisfy other business obligations, he or she violates his or her fiduciary duty.

///

36. The Trustees are informed and believe, and thereon allege, that Gary Garcia breached his fiduciary duties and responsibilities by misuse of employee contributions payable to the Trusts by either: (a) diverting the contributions to his sole and exclusive benefit; or (b) diverting the contributions to Plumbers Connection's sole and exclusive benefit and his indirect benefit, in violation of the Trusts', participants' and beneficiaries' rights under ERISA. The Trustees are informed and believe, and thereon allege, that such conduct was a breach and violation of ERISA, including, but not limited to, breach of section 404(a)(1)(A) of ERISA [29 U.S.C. § 1104(a)(1)(A)] and section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)].

37. Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that "*[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*" Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)] provides that "*in any action . . . by a . . . fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of action ... .*"

38. The Trustees are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, the Trusts have been damaged in an amount presently unknown. The Trustees are informed and believe, and thereon allege, that damages are continuing to accrue in an amount presently unknown to them. The Trustees shall present proof of damages at the time of trial.

///

///

///

39. As part of the Trustees' judgment, the Trustees also request the Court to grant the relief requested in paragraph 30 above.

### THIRD CAUSE OF ACTION
### ENGAGING IN PROHIBITED TRANSACTIONS
### (AGAINST GARY GARCIA)

40. The Trustees hereby refer to, and incorporate herein, paragraphs 1 through 39 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

41. The Trustees are informed and believe, and thereon allege, that Gary Garcia was, and is, an unnamed "*fiduciary*" pursuant to section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby is individually, and separately from Plumbers Connection, obligated to the provisions and obligations provided for under ERISA.

42. Section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)], provides that "*a fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect-- ¶ (D) transfer to, or use by or for the benefit of, a party in interest [an employer, etc.], of any assets of the plan ... .*" Section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)], provides that "*a fiduciary with respect to a plan shall not-- ¶ (1) deal with the assets of the plan in his own interest or for his own account ... .*" Gary Garcia is a "*party in interest,*" as is any fund fiduciary. Under ERISA, if a fiduciary uses plan assets to satisfy other business obligations, he or she violates his or her duty.

43. The Trustees are informed and believe, and thereon allege, that Gary Garcia has engaged in prohibited transactions by misuse of employee contributions payable to the Trusts by either: (a) diverting the contributions to his sole and exclusive benefit; and/or (b) diverting the contributions to Plumbers Connection's sole and exclusive benefit and its indirect benefit, in violation of the Trusts', participants' and beneficiaries' rights under ERISA. The Trustees' are informed and believe, and thereon allege, that such conduct was a breach and violation of ERISA, including, but not

limited to, breach of section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)] and section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)].

44. Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that "*[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*" Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)], provides that "*in any action ... by a ... fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of action ... .*"

45. The Trustees are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, the Trusts have been damaged in an amount presently unknown. The Trustees are informed and believe, and thereon allege, that damages are continuing to accrue in an amount presently unknown to the Trustees. The Trustees shall present proof of damages at the time of trial.

46. As part of the Trustees' judgment, the Trustees shall also request the Court to grant the relief requested in paragraph 30 above.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AGAINST PLUMBERS CONNECTION)**

47. Trustees hereby refer to, and incorporate herein, by this reference paragraphs 1 through 46 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

48. Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and employee contributions) are not recoverable under ERISA.

49. The Master Agreement and Addendum requires Plumbers Connection to pay to Trustees, for the benefit of District Council 16, its affiliated local unions, the Piping Industry Progress Education & Trust Fund ("PIPE"), the Labor Management Compliance Council ("LMCC") and the CPMCA certain amounts for each hour worked by Plumbers Connection's employees performing work covered by the Master Agreement. Trustees are the assignee of District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA for collecting said hourly contributions. Plumbers Connection has failed to pay amounts due under the Master Agreement and Addendum to Trustees for the benefit of District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA, which amounts shall be established by proof.

50. Pursuant to the Master Agreement and Joint Collection Policy, Plumbers Connection is obligated to pay to the Trustees liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA). Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late amounts. The amount of liquidated damages owed by Plumbers Connection will be established by proof.

51. Pursuant to the Master Agreement and the Joint Collection Policy, Plumbers Connection owes the Trustees interest at 18% per annum on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA) from the dates the sums were originally due or should have been paid to the Trustees until paid. The amount of interest owed by Plumbers Connection will be established by proof.

///

///

## FIFTH CAUSE OF ACTION

## CONVERSION

## (AGAINST GARY GARCIA)

52. Trustees hereby incorporate herein, by this reference paragraphs 1 through 51 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

53. Under California law, conversion is defined to be an act of willful interference with personal property, done without lawful justification, by which any person entitled thereto is deprived of the use and possession of the personal property.

54. Trustees are informed and believe, and thereon allege, that Gary Garcia converted union dues, association fees, employee contributions, and related amounts.

55. Trustees are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, the Trustees have been damaged in an amount presently unknown to the Trustees. The total amounts of these damages shall be established by proof at trial.

56. Trustees are informed and believe, and thereon, allege that the aforementioned conduct of Gary Garcia was an intentional act, or omission, known to Gary Garcia or undertaken by Gary Garcia with the intention on the part of Gary Garcia of thereby depriving the Trustees, the union, the participants and/or beneficiaries of monies or otherwise causing injury, and was despicable conduct that subjected the Trustees, the union, the participants and/or beneficiaries to a cruel and unjust hardship in conscious disregard of their respective rights, so as to justify an award of exemplary and punitive damages.

## PRAYER

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid fringe benefit contributions and other damages for breach of contract as established by proof;

2. For liquidated damages as established by proof;

    3. For interest at the rate of 18% per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, plus additional amounts as established by proof;

    4. For special damages in amounts as proved;

    5. For damages for breach of contract as proved;

    6. For damages for conversion as proved;

    7. On the Trustees' claim for conversion only, for damages in amounts as proved, and for exemplary and punitive damages in amounts proved at the time of trial;

    8. For the Trustees' audit costs, plus additional amounts as established by proof;

    9. For the Trustees' reasonable attorneys' fees in amounts as proved;

    10. For costs of suit incurred herein; and

    11. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    A. An Order directing defendants, his/its/their representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of all unpaid fringe benefit contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid fringe benefit contributions;

    B. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and

///
///
///
///

C. An Order directing defendants, his/its/their representatives, agents and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid fringe benefit contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

Dated: October 12, 2018        LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ J. Paul Moorhead*
J. Paul Moorhead, Counsel for Plaintiffs,
Trustees of the Southern California Pipe
Trades Health and Welfare Trust Fund, et al.

**WAIVER OF JURY TRIAL**

Plaintiffs waive a jury trial in this action.

Dated: October12, 2018        LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ J. Paul Moorhead*
J. Paul Moorhead, Counsel for Plaintiffs,
Trustees of the Southern California Pipe
Trades Health and Welfare Trust Fund, et al.